**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

THOMAS RICHARD OLLESTAD,                    Case No. 26-cv-1982 (LMP/SGE)

       *Petitioner*,

v.                                          **REPORT AND RECOMMENDATION**

BRIAN SMITH and LUCAS ATHEY,

       *Respondents*.

Before the Court is Petitioner Thomas Richard Ollestad's Petition for a Writ of Ha-

beas Corpus Under 28 U.S.C. § 2241, Dkt. 1 ("Petition"), and application to proceed *in*

*forma pauperis* ("IFP"), Dkt. 2 ("IFP Application"). For the following reasons, the Court

recommends denying the Petition, dismissing this action, and denying the IFP Application

as moot.

**BACKGROUND**

**I.     Ollestad's State Court Proceedings**

Ollestad is a state detainee at the Kanabec County Jail in Mora, Minnesota. *See*

Pet. 1. He faces numerous judicial proceedings in Kanabec County. Four are active prose-

cutions (Case Nos. 33-CR-24-83, 33-CR-24-88, 33-CR-24-172, and 33-CR-24-187); he is

also involved in a civil proceeding apparently concerning parental rights (Case No. 33-JV-

25-11). *See id.* at 1–2.

Ollestad's custodial status is unclear. He prepared the Petition on a form and

checked a box indicating he is a "pretrial detainee (waiting for trial on criminal charges)."

*Id.* at 1. Next to this, he wrote, "but I'm ROR?" *Id.* He appears to contend that, despite allegedly being released on recognizance, he is held under Minn. Stat. § 609.14, which governs revocations of stays of sentences for alleged probation violations. *See id.* Ollestad contests this, arguing he has not been on active probation since a 2012 driving-while-intoxicated conviction, and claims the revocation statute is being "illegally & systematically misapplied to facilitate [his] fake arrest & detention." *Id.*

Ollestad's state criminal proceedings have been suspended under Rule 20.01 of the Minnesota Rules of Criminal Procedure. *See id.* at 6, 9. Under that rule, if a court finds reasonable doubt about a defendant's competency, it must suspend proceedings and order a competency examination. *See* Minn. R. Crim. P. 20.01(b); *see also* Minn. Stat. §§ 611.40–611.59 (addressing competency proceedings). Ollestad claims his situation reflects an unlawful "weaponization of Rule 20," and that he is trapped in a "Rule 20 loop" that effectively denies him a prompt trial. Pet. 1, 6, 9. He also alleges that his court-appointed advisory counsel (Mack Guptil) and his Rule 20 competency examiner (Dr. Brenda Fry) have conflicts of interest. *See id.* at 6.

## II.    The Petition's Claims

The Petition is disjointed, raising a mix of constitutional, statutory, and procedural issues. Construing the Petition liberally, the Court reads Ollestad's five grounds for relief as follows.

- In Ground One, Ollestad alleges that he is being "illegally and unlawfully detained" without effective legal counsel and "without the state courts having jurisdiction over" his four felony cases. *Id.* He also claims illegal denial of a probable-cause hearing (in violation of his

rights under the First, Fourth, Sixth, and Fourteenth Amendments) due to the "Rule 20 loop" noted above. *See id.*

- Ground Two claims each of Ollestrad's four pending felony cases lacked probable cause from the start and were "[v]oid ab into [*sic*]." *Id.* He bases this on alleged "[s]tructural [b]ias," noting that the initial criminal complaints were signed by Judge Amy Brosnahan (a former Kanabec County Attorney) and Judge Stoney L. Hilgus (who later recused himself for an unspecified conflict). *Id.* Because the initial probable-cause findings were allegedly void due to this bias, Ollestad claims his eight subsequent arrests (and over 80 days of confinement) constitute "[f]alse [a]rrest" and "[m]alicious [p]rosecution" under what he calls "Soviet Style Policing & Policy's [*sic*]." *Id.*

- Ground Three asserts pervasive, systemic bias and conflicts of interest throughout Kanabec County's judicial system. *See id.* Specifically, Ollestad cites conflicts of interest involving Guptil and Fry. *See id.* He notes that Fry is also appearing as an opposing expert in Case No. 33-JV-25-11 (the case concerning Ollestad's parental rights), which he contends taints her objectivity in his criminal competency evaluation. *Id.*

- In Ground Four, Ollestad challenges the constitutionality of mandatory drug testing at bail. *See id.* at 8. He states he was out on a $10,000 appearance bond and that there was "[n]o drug nexus" in his pending charges. *Id.* He reiterates that he is being held on an invalid probation revocation under Minn. Stat. § 609.14, arguing the statute is being used to detain him illegally without any prior convictions subject to active probation. *See id.*

- Finally, Ground Five argues that authorities are violating Ollestad's Fourth, Eighth, and Fourteenth Amendment rights by holding him in physical confinement without "[c]onditional [b]ail." *Id.* at 9. He repeats his complaint that advisory counsel is providing ineffective assistance by refusing to argue constitutional questions or litigate suppression issues while the cases are suspended under Rule 20. *See id.* He also contends that state courts are violating Rule 20.01, subdivision 3(b), by forcing him to undergo unlawful prediagnostic evaluations without first establishing probable cause on the underlying felony charges. *See id.*

For relief, Ollestad requests immediate release from custody; dismissal of all four felony cases with prejudice; and prejudgment awards for attorney's fees and monetary damages under 42 U.S.C. §§ 1983, 1988, and various federal criminal statutes. *See id.* at 8. He also requests a "[f]ederal [i]nvestigation" of Kanabec County officials and "[p]ermanent [i]njunctive [r]elief to end all prosecutions." *Id.*

## ANALYSIS

### III.  *Younger* Abstention

Because much of the relief that Ollestad seeks would interrupt ongoing state prosecutions, the Court must consider the *Younger* abstention doctrine. *See, e.g.*, *Younger v. Harris*, 401 U.S. 37 (1971). Federal courts have consistently recognized that state pretrial detainees can challenge their confinement as unconstitutional under 28 U.S.C. § 2241. *See, e.g.*, *Butcher v. Clay Cnty.*, No. 26-cv-0801 (LMP/JFD), 2026 WL 930969, at *2 (D. Minn. Mar. 4, 2026) (citing cases), *R&R adopted*, 2026 WL 928338 (D. Minn. Apr. 6, 2026); *Terry v. Ryals*, No. 25-CV-1152 (BSM/ERE), 2026 WL 546489, at *2 (E.D. Ark. Feb. 1, 2026) (citing authorities), *R&R adopted*, 2026 WL 544264 (E.D. Ark. Feb. 26, 2026). As relevant here, however, the Supreme Court has cautioned that federal courts are not to serve as a "'pretrial-motion forum for state prisoners.'" *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973) (quoting *id.* at 508 (Rehnquist, J., dissenting)).

Under *Younger*, federal courts must refrain from interfering in certain ongoing state proceedings. *See, e.g.*, *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (citing cases). The Eighth Circuit applies "a three-part inquiry" to decide when *Younger* abstention applies:

First, does the underlying state proceeding fall within one of the three "exceptional circumstances" where *Younger* abstention is appropriate? Second, if the underlying proceeding fits within a *Younger* category, does the state proceeding satisfy what are known as the "*Middlesex*" factors? And third, even if the underlying state proceeding satisfies the first two inquiries, is abstention nevertheless inappropriate because an exception to abstention applies?

*Wassef v. Tibben*, 68 F.4th 1083, 1087 (8th Cir. 2023) (quoting *375 Slane Chapel Rd., LLC v. Stone Cnty.*, 53 F.4th 1122, 1127 (8th Cir. 2022)).

Under this analysis, the Court should abstain from exercising jurisdiction over the Petition to the extent it would interfere with Ollestad's state-court proceedings. The first *Younger* factor is met because Ollestad's four pending felony cases are ongoing state criminal prosecutions—the first and most paradigmatic category of *Younger* abstention. *Sprint Commc'ns*, 571 U.S. at 78 ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there are ongoing state criminal proceedings . . . .").

At the second step, the Court examines whether the state proceedings satisfy the three factors articulated in *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Those factors ask whether: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges. *See, e.g., id.*; *Wassef*, 68 F.4th at 1087. All three factors are satisfied here.

- The first *Middlesex* factor is satisfied by Ollestad's own admissions: he lists four active state felony cases and one active family-related proceeding. *See* Pet. 1–2. These are ongoing state judicial proceedings.

5

- The second *Middlesex* factor is met because states have a vital sovereign interest in enforcing their criminal laws, prosecuting felonies, and protecting their citizens. *See, e.g.*, *Shaik v. Finnegan*, No. 24-cv-2625 (KMM/JFD), 2024 WL 4320260, at *2 (D. Minn. Sept. 26, 2024); *Phelps-Roper v. Heineman*, 710 F. Supp. 2d 890, 902 (D. Neb. 2010) (citing *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997)).

- On the third *Middlesex* factor, state courts are presumed competent to adjudicate federal constitutional issues. *See, e.g.*, *Norwood v. Dickey*, 409 F.3d 901, 904 (8th Cir. 2005) (quoting *Neal v. Wilson*, 112 F.3d 351, 357 (8th Cir. 1997)); *Hahn v. Bauer*, No. 09-cv-2220 (JNE/JJK), 2010 WL 396228, at *15 (D. Minn. Jan. 27, 2010) (citing *Norwood*), *aff'd*, 393 F. App'x 413 (8th Cir. 2010).

Finally, the Court considers whether an exception to *Younger* abstention applies. The Supreme Court has recognized narrow exceptions limited to situations where (1) the state proceeding is demonstrably motivated by bad faith or harassment; (2) a state statute at issue is "'flagrantly and patently'" unconstitutional; or (3) a pressing need for immediate federal equitable relief exists to prevent immediate and irreparable harm. *See, e.g.*, *Kugler v. Helfant*, 421 U.S. 117, 124 (1975); *Wassef*, 68 F.4th at 1086–87 (quoting *Younger*, 401 U.S. at 53). These exceptions are construed narrowly. *See, e.g.*, *Aaron v. Target Corp.*, 357 F.3d 768, 779 (8th Cir. 2004) (citing *Younger*, 401 U.S. at 53–54); *Grazzini-Rucki v. Knutson*, No. 13-cv-2477 (SRN/JSM), 2014 WL 2462855, at *13 (D. Minn. May 29, 2014) (citing *Aaron*), *aff'd*, No. 14-2569 (8th Cir. Mar. 31, 2015).

Ollestad fails to meet the demanding burden of showing that any exception to the *Younger* abstention doctrine applies. The Petition contains inflammatory rhetoric (e.g., accusing the Kanabec County judicial system of "malicious prosecutions" and "Soviet style

6

Policing"), but these are the sort of conclusory, speculative allegations that cannot bypass *Younger*.[1] No recognized exception applies.

In sum, under the three-step *Younger* abstention analysis of *Wassef*, abstention is mandatory here. To the extent the Petition challenges Ollestad's ongoing prosecutions, the Court recommends dismissing it.

## I.      Failure to Exhaust State-Court Remedies

Even if *Younger* abstention did not require dismissal, the Petition would still fail for a second, independent reason: Ollestad has not exhausted his state-court remedies.

Unlike 28 U.S.C. § 2254(b), § 2241's statutory text has no explicit exhaustion requirement. But it is well established that a state pretrial detainee must exhaust available state-court remedies before a federal court will consider a § 2241 petition. *See, e.g.*, *Braden*, 410 U.S. at 489–90; *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981) (quoting *Braden*); *Rojas Hernandez v. Paget*, No. 16-cv-2537 (DWF/HB), 2016 WL 7404742, at *2 (D. Minn. Nov. 10, 2016) (citing cases), *R&R adopted*, 2016 WL 7404683 (D. Minn. Dec. 21, 2016). That requirement demands "appellate exhaustion of those claims, which in turn requires that judgment be entered in the state-court prosecution—meaning, ultimately, that state pretrial detainees usually cannot seek federal habeas relief until after they have been

---

[1] The closest the Petition comes are its allegations about the "Rule 20 loop." But even here it fails to show irreparable harm. The burden of defending oneself in a criminal prosecution—including delays in establishing competency under state law—is not the sort of immediate, irreparable harm needed to trigger federal intervention. *See, e.g.*, *Younger*, 401 U.S. at 46 (noting that merely facing criminal prosecution does not create "irreparable" harm in the sense needed to support *Younger* abstention).

convicted." *Abdikarim v. State*, No. 24-cv-2013 (NEB/LIB), 2024 WL 3557772, at *2 (D. Minn. June 17, 2024) (citing *Rojas Hernandez*), *R&R adopted*, 2024 WL 3552960 (D. Minn. July 26, 2024).[2]

The Petition shows that Ollestad has not exhausted his claims. In the form petition's "Your Earlier Challenges" section, he admits that he has not fully appealed his grievances to higher authorities. *See* Pet. 2–4. When asked why he did not file further appeals after an alleged first appeal, he says that courts are "not allowing" him access to court services, that he is "arrested every time" he tries to access the courthouse, and that courts "reject all E-filing" without opportunity to cure or notice of deficiency. *Id.* at 3–4.

The Court is sympathetic to the difficulties that *pro se* litigants can face. But a trial-level court clerk rejecting a *pro se* litigant's noncompliant electronic filings does not excuse the exhaustion requirement. The Petition itself states that Ollestad has filed materials in all four criminal cases and the parental-rights proceeding. *See id.* at 3. His allegations of court-access difficulties show he has participated in state proceedings, even if he is unsatisfied with the results. This does not excuse exhaustion. Moreover, Ollestad's claim that he filed various materials "Into All Cases" on October 18, 2025, and November 4, 2025, *see id.*, shows only that he tried to raise these issues before state trial judges. It is undisputed

---

[2] In some cases involving the Speedy Trial Clause, a state pretrial detainee can bring a § 2241 petition without fully exhausting state-court remedies—but only if the detainee demands a prompt trial (as opposed to outright dismissal of the charges). *See, e.g.*, *Braden*, 410 U.S. at 489–91; *Palmer v. Minnesota*, No. 25-cv-1148 (PAM/SGE), 2025 WL 1426815, at *2 (D. Minn. Apr. 16, 2025) (citing cases), *R&R adopted*, 2025 WL 1426499 (D. Minn. May 16, 2025). Here, though, Ollestad does not request a prompt trial; instead, he explicitly demands that all four felony cases be "[d]ismissed w/prejudice." Pet. 8.

that he has not asked the Minnesota Court of Appeals or the Minnesota Supreme Court to review his claims.[3]

Because Ollestad has not exhausted available remedies in the state trial and appellate courts, the Court recommends denying the Petition on the independent ground of non-exhaustion.

## II.    Relief Not Cognizable in Habeas

Finally, even setting aside the *Younger* and exhaustion concerns above, much of the relief that Ollestad seeks falls outside the subject-matter jurisdiction of a federal habeas court.

First, monetary damages are not available in habeas proceedings. *See, e.g.*, *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (stating that "damages are not an available habeas remedy"); *Ismail v. Oelrich*, No. 25-cv-4665 (ECT/JFD), 2025 WL 4054416, at *1 (D. Minn. Dec. 17, 2025) (quoting *Marcum v. Olmsted Cnty. Health*, No. 24-cv-2655 (JWB/JFD), 2024 WL 4480248, at *1 (D. Minn. July 10, 2024)), *R&R adopted*, 2026 WL 115876 (D. Minn. Jan. 15, 2026). Ollestad's request for prejudgment awards and attorney's fees under 42 U.S.C. §§ 1983 and 1988 therefore cannot be pursued through a habeas petition. He must bring those claims, if at all, as a separate civil action under § 1983.[4]

---

[3] Indeed, a search for Ollestad's name in the Minnesota Appellate Courts's online case-management system (available at https://macsnc.courts.state.mn.us) reveals no appellate matters involving Ollestad.

[4] Furthermore, attorney's fees under § 1988 are available only in actions to enforce §§ 1981 through 1986; habeas proceedings are not among the enumerated statutes.

Second, Ollestad's request for a federal criminal investigation of Kanabec County officials is not cognizable in any civil proceeding. The power to investigate and prosecute federal crimes is vested exclusively in the executive branch. *See, e.g.*, *Trump v. United States*, 603 U.S. 593, 620 (2024) (citing cases). Decisions to prosecute are presumptively unreviewable. *See, e.g.*, *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (citing *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14–15 (1926)). A habeas court thus has no authority to order such an investigation. Moreover, the federal criminal statutes Ollestad cites (18 U.S.C. §§ 201, 241, 242, 245, 246, 371, 1961–63, and 18 U.S.C. § 4) do not create private rights of action.[5] Federal criminal statutes are enforced by the U.S. Attorney, not by private citizens in habeas or other civil litigation. *See, e.g.*, *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Third, to the extent that Ollestad seeks federal habeas relief related to parental-rights or child-custody issues arising from his parental-rights case (No. 33-JV-25-11), such matters are not the type of "custody" addressed by federal habeas corpus and fall outside the scope of § 2241 relief. *See, e.g.*, *Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 515–16 (1982); *United States ex rel. Mueller v. Mo. Div. of Family Servs.*, 123 F.3d 1021, 1024 (8th Cir. 1997) (discussing *Lehman*).

---

[5] The statute creating civil liability under the RICO Act is an exception, but Ollestad has not come close to pleading a civil RICO claim.

## III.    Summary

Ollestad is trying to use a federal writ of habeas corpus to disrupt active state criminal and competency proceedings. His claims are barred by *Younger* abstention and unexhausted in Minnesota's state courts. They also include demands for damages and a federal criminal investigation that fall outside the subject-matter jurisdiction of a federal habeas court. It thus plainly appears that Ollestad is not entitled to relief in the district court. The Court therefore recommends denying the Petition, dismissing this action, and denying the IFP Application as moot.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings in this matter, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner Thomas Richard Ollestad's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, Dkt. 1, be **DENIED**.

2. This action be **DISMISSED WITHOUT PREJUDICE**.

3. Ollestad's application to proceed *in forma pauperis* ("IFP"), Dkt. 2, be **DENIED** as moot.


Dated: April 20, 2026                              *s/Shannon G. Elkins*
                                                   SHANNON G. ELKINS
                                                   United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

11

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).