**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| THOMAS RICHARD OLLESTAD, | Case No. 26-cv-1982 (LMP/SGE) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| BRIAN SMITH and LUCAS ATHEY, | |
| Respondents. | |

---

Petitioner Thomas Richard Ollestad filed a petition for a writ of habeas corpus on March 20, 2026, raising various claims relating to his allegedly unlawful detention at the Kanabec County Jail in Mora, Minnesota, and purported misconduct by various individuals and Minnesota officials in connection with several pending criminal prosecutions against him.[1] *See* ECF No. 1 at 6. He asks the Court to order his immediate release from custody, to dismiss with prejudice the four pending criminal cases against him, and to award him damages under various federal civil and criminal statutes. *See id.* at 8.

On April 20, 2026, United States Magistrate Judge Shannon G. Elkins issued a Report and Recommendation ("R&R") recommending that Ollestad's petition be denied. ECF No. 5. Judge Elkins explained that the *Younger* abstention doctrine[2] precludes the Court from exercising jurisdiction over Ollestad's claims because the relief Ollestad

---

[1]    *See State v. Ollestad*, No. 33-CR-24-83 (Minn. Dist. Ct.); *State v. Ollestad*, No. 33-CR-24-88 (Minn. Dist. Ct.); *State v. Ollestad*, No. 33-CR-24-172 (Minn. Dist. Ct.); *State v. Ollestad*, No. 33-CR-24-187 (Minn. Dist. Ct.).

[2]    *See Younger v. Harris*, 401 U.S. 37 (1971).

requests would require this Court to interfere in his ongoing state criminal proceedings. *Id.* at 4–7. Judge Elkins also explained that to the extent *Younger* abstention does not apply, Ollestad's claims fail because he has not exhausted his state-court remedies, *id.* at 7–9, and the relief that he requests is not available in habeas, *id.* at 9–10. Accordingly, Judge Elkins recommends that Ollestad's petition be dismissed without prejudice and that his application to proceed *in forma pauperis* ("IFP") be denied as moot. *Id.* at 11

On May 19, 2026, Ollestad filed three documents: (1) a motion seeking to "expedite" these proceedings and to stay his state criminal proceedings, ECF No. 7; (2) objections to the R&R, ECF No. 8; and (3) a new IFP application, ECF No. 9, seemingly in response to Judge Elkins's recommendation that his first IFP application, ECF No. 2, be denied.

Under Federal Rule of Civil Procedure 72, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify" the magistrate judge's recommendation. Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1)(C). The Court reviews the portions of the magistrate judge's recommendation to which there are no specific objections for clear error. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

Ollestad purports to raise 12 separate objections to the R&R. *See generally* ECF No. 8. Of those 12 objections, only the first—that Judge Elkins improperly applied the *Younger* abstention doctrine, *see id.* at 4–5—is related to the R&R's analysis. The remainder consist of various complaints about the R&R's language or aspects of Minnesota state law, as applied to Ollestad in his ongoing criminal proceedings. *See id.* at 5–11.

2

Regardless, the Court concludes that it must abstain from exercising jurisdiction over Ollestad's petition. *Younger* "carved out a narrow exception" to the general rule that "[f]ederal courts have a 'virtually unflagging obligation' to decide cases that fall within their jurisdiction." *Wassef v. Tibben*, 68 F.4th 1083, 1086 (8th Cir. 2023) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). The Supreme Court explained that "concepts of comity and federalism *require* federal courts to abstain from interfering with pending state court criminal proceedings, except under 'special circumstances' such as a bad-faith prosecution or when a criminal statute is 'flagrantly and patently' unconstitutional on its face." *Id.* at 1086–87 (emphasis added) (quoting *Younger*, 401 U.S. at 41, 44–45, 53–54).

Ollestad plainly asks this Court to interfere in his ongoing criminal prosecutions. *See* ECF No. 1 at 6–7. There is no indication that his ongoing criminal proceedings are brought in bad faith or under "flagrantly and patently" unconstitutional statutes. *See Younger*, 401 U.S. at 53–54 (citation omitted). Nor does Ollestad suggest he has not had or will not have the opportunity to raise his various complaints about Minnesota law in those proceedings. *See Arseneau v. Pudlowski*, 110 F.4th 1114, 1117 (8th Cir. 2024). The Court therefore concludes that *Younger* abstention applies here.

Otherwise, the Court finds no error in the R&R. Accordingly, the R&R is adopted in full.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that:

1.  Ollestad's Objections to the R&R (ECF No. 8) are **OVERRULED**;

2.  The R&R (ECF No. 5) is **ADOPTED**;

3.  Ollestad's Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED**;

4.  Ollestad's IFP applications (ECF Nos. 2, 9) are **DENIED** as moot;

5.  Ollestad's Motion to Expedite Habeas Proceedings and to Stay All State Criminal Proceedings (ECF No. 7) is **DENIED** as moot; and

6.  This matter is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 21, 2026                    *s/Laura M. Provinzino*
                                        Laura M. Provinzino
                                        United States District Judge